IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SHILEDMARK, INC., | ) | CASE NO.: 1:12 CV 223 |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| INSITE SOLUTIONS, LLC, | ) | |
| | ) | <u>MEMORANDUM OPINION</u> |
| Defendant. | ) | <u>AND ORDER</u> |
| | ) | |

This matter is before the Court on Defendant, Insite Solutions, LLC's Motion to Dismiss Complaint and Supporting Memorandum of Points and Authorities. (ECF #14). Plaintiff filed a Memorandum in Opposition to the motion, and Defendant filed a Reply in further support of its motion to dismiss. (ECF #17, 21). After careful consideration of the briefs and a review of all relevant authority, Defendant's motion to dismiss is DENIED.

**STANDARD OF REVIEW**

In evaluating a motion for dismissal under Rule 12(b)(6), the district court must "consider the pleadings and affidavits in a light most favorable to the [non-moving party]." Jones v. City of Carlisle, Ky., 3 F.3d. 945, 947 (6th Cir. 1993) (quoting Welsh v. Gibbs, 631 F.2d 436, 439 (6th Cir. 1980)).  However, though construing the complaint in favor of the non-moving party, a trial court will not accept conclusions of law or unwarranted inferences cast in the form of factual allegations. See City of Heath, Ohio v. Ashland Oil, Inc., 834 F.Supp. 971, 975 (S.D. Ohio 1993).  "A plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atl' Corp. v. Twombly, 550 U.S. 544, 555 (2007)(quoting Papasan v. Allain, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)).  "Factual allegations must be enough to raise a right to relief above the speculative level."  Twombly at 555.  In deciding a Rule 12(b)(6) motion, this Court must determine not whether the complaining party will prevail in the matter but whether it is entitled to offer evidence to support the claims made in its complaint. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**FACTS AND ANALYSIS[1]**

Plaintiff ShieldMark, Inc. filed an Amended Complaint (ECF #4) claiming that Defendant InSite Solutions, LLC has been manufacturing and selling products labeled as "Superior Mark

---

[1] In accordance with the applicable standards on a motion to dismiss, the facts set forth in the Amended Complaint have been taken as true for purposes of this opinion.

-2-

Tape" and "Last Mark Aisle Marking Tape," that allegedly infringe Plaintiff's '480 Patent, Patent Application Number 10/674,108. Plaintiff further alleges that it issued a cease and desist letter to the Defendant, which was ignored, and that Defendant was aware of Plaintiff's Patent Application. Based on these allegation, Plaintiff claims that Defendant is liable for willful infringement of the '480 Patent.

Defendant claims that the allegations in Plaintiff's Amended Complaint do not present sufficient detail or information to withstand a dismissal under Fed.R.Civ.Pro. 12(b)(6). Having reviewed the allegations in the Amended Complaint, the Court finds that the Amended Complaint, when considered in a light most favorable to the Plaintiff, provides factual allegations that are sufficient to raise a right to relief above the speculative level. The Amended Complaint identifies the allegedly infringing products, identifies the Patent and Patent Application Number at issue, provides at least minimal facts relating the Defendant's alleged prior knowledge of the Patent and provides a sufficient basis to plead willful infringement. Further, when considered in light of the Local Patent Rules, specifically L.P.R. 3.1, which requires the Plaintiff to serve a claim chart and other specifications about the alleged infringement within fifteen days of the filing of a responsive pleading, the Plaintiff's failure to identify the specific applicable claims within the patent in the Amended Complaint is without consequence. Such information was not required to have been identified under the Local Patent Rules until April 27, 2012, and there is no indication on the record that Plaintiff failed in this obligation.

## **CONCLUSION**

For the reasons set forth above, the Defendant's Motion to Dismiss (ECF #14) is hereby

DENIED. Further, Defendant's Motion to Stay Preliminary Injunction Proceedings pending a resolution of the Motion to Dismiss is denied as moot. (ECF #15). The Court's ruling on the Motion to Dismiss eliminates the need for a stay, and the parties have agreed to a scheduling order addressing the preliminary injunction proceedings as indicated in the minutes of the Case Management Conference held on May 17, 2012. IT IS SO ORDERED.

                                                /s/ Donald C. Nugent
                                                Judge Donald C. Nugent
                                                United States District Judge

Date:   May 18, 2012