IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO (CLEVELAND)

| | |
|---|---|
| ShieldMark, Inc. ) | |
| ) | Case No.: 1:12-CV-00223-DCN |
| Plaintiff, ) | |
| ) | Judge Donald C. Nugent |
| v. ) | |
| ) | |
| InSite Solutions, LLC. ) | |
| ) | |
| Defendants. ) | |

**ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS
IN RESPONSE TO AMENDED COMPLAINT**

Now comes Defendant, InSite Solutions, LLC ("InSite"), and in response to the Amended Complaint for Patent Infringement of Plaintiff, ShielfMark, Inc. ("ShieldMark"), states as follows:

**ANSWER**

1. InSite is without knowledge as to the truthfulness of the allegations set forth in paragraph 1 of the Complaint and therefore denies the same.

2. InSite admits the allegations set forth in paragraph 2 of the Complaint.

3. InSite admits this Court has subject matter jurisdiction in that this is an action alleging patent infringement, but expressly denies any such patent infringement.

4. InSite denies the allegations of paragraph 4 of the Complaint.

5. InSite admits the allegations of paragraph 5 of the Complaint.

6. InSite is without knowledge as to the truthfulness of the allegations of paragraph 6 of the Complaint as to the ownership of the '480 Patent, and therefore denies the same. InSite admits that Exhibit 1 to the Complaint appears to be a true and accurate copy of the '480 Patent.

7. InSite admits the allegations of paragraph 7 of the Complaint.

8. InSite denies the allegations of paragraph 8 of the Complaint.

9. InSite denies the allegations of paragraph 9 of the Complaint.

10. InSite denies the allegations set forth in paragraph 10 of the Complaint.

11. InSite admits the allegations set forth in paragraph 11 of the Complaint.

12. InSite denies the allegations set forth in paragraph 12 of the Complaint.

13. InSite denies the allegations set forth in paragraph 13 of the Complaint and expressly states that the "last mark aisle marking tape" is not a subject matter of this litigation.

14. InSite denies the allegations set forth in paragraph 14 of the Complaint.

15. InSite denies the allegations set forth in paragraph 15 of the Complaint.

16. InSite denies the allegations set forth in paragraph 16 of the Complaint.

17. InSite denies the allegations set forth in paragraph 17 of the Complaint.

## AFFIRMATIVE DEFENSES

1. ShieldMark's Complaint fails to state a claim upon which relief can be granted.

2. The '480 Patent, and each of the claims allegedly infringed by InSite, are invalid and void, unenforceable, and of no force and effect for failure to comply with one or more of the requirements of Title 35, United States Code, including, without limitation, the requirements of 35 U.S.C. §§ 102, 103 and 112, and failure to comply with the applicable rules, regulations and directives of the United States Patent and Trademark Office pertaining to patents including, but not limited to, 37 C.F.R. § 1.56. The particulars and bases of the contentions of invalidity and unenforceability will be presented with the Invalidity and Unenforceability Contentions of Sections 3.5 and 3.6 of the Local Patent Rules.

3. The InSite products that are the subject of ShieldMark's accusations of infringement, and set forth in the Complaint, do not infringe any claim of the '480 Patent.

4. InSite has not willfully infringed the '480 Patent.

5. The '480 Patent is unenforceable because ShieldMark has misused that patent by attempting to enforce a knowingly invalid and unenforceable patent.

6. ShieldMark's claims are barred by equitable estoppel.

7. ShieldMark's claims are barred by prosecution estoppel.

8. ShieldMark's claims are barred by unclean hands.

9. ShieldMark's claims are barred by the doctrine of late claiming.

10. By reason of proceedings in the United States Patent and Trademark Office and before the United States Court of Appeals for the Federal Circuit during the prosecution of the application that matured into the '480 Patent, ShieldMark is estopped from asserting that any claim of the '480 Patent is infringed by any product manufactured, used, offered for sale, or sold by InSite.

11. As presently advised, and upon information and belief, the prosecution of the '480 Patent was fraught with inequitable conduct, rendering that patent unenforceable. By acts of omission and commission, ShieldMark intentionally deceived the Patent Office during the prosecution of the '480 Patent with regard to facts material to the prosecution, and with the intent to deceive the Patent Office and the Patent Office was so deceived, and ultimately issued the '480 Patent as a consequence of such deception. The details of such fraudulent conduct will be set forth with particularity in InSite's Invalidity and Unenforceability Contentions and accompanying document production pursuant to Local Patent Rules 3.5(e) and 3.6(b).

## COUNTERCLAIMS

1. This Court has jurisdiction over the subject matter of these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a) and 2201.

2. Venue is proper under 28 U.S.C. §§ 1391(b), 1400, and by ShieldMark's choice of forum.

3. Counterclaimant, InSite, is a limited liability company organized under the laws of the State of North Carolina with its principal place of business in Wake Forrest, North Carolina.

4. Counterdefendant, ShieldMark, is a corporation organized under the laws of the State of Ohio, with its principal place of business in Rocky River, Ohio.

## First Counterclaim – Declaratory Judgment

5. InSite repeats the allegations set forth in paragraphs 1-4 immediately above as if fully rewritten.

6. This counterclaim is brought under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the Patent Laws of the United States based upon an actual controversy between InSite and ShieldMark with respect to the validity, enforceability, scope and infringement of United States Patent No. 8,088,480 ("the '480 Patent), to which ShieldMark alleges all right, title and interest.

7. ShieldMark alleges that certain products of InSite infringe the '480 Patent.

8. The '480 Patent is not infringed by any product made, sold or offered for sale by InSite, and further, the '480 Patent is invalid, void and unenforceable for at least the reasons set forth in paragraphs 2 and 11 of InSite's Affirmative Defenses.

9. ShieldMark's conduct renders this an exceptional case within the provisions of 35 U.S.C. § 285 and InSite is accordingly entitled to an award of attorney's fees.

### Second Counterclaim – Unfair Competition

10. The allegations set forth in paragraphs 1-9 of InSite's Counterclaims are hereby repeated and incorporated herein as if fully set forth.

11. On information and belief, ShieldMark has unlawfully and oppressively brought this action against InSite, and others as well, alleging infringement of the '480 Patent, with the knowledge and belief that such patent is invalid, unenforceable and/or not infringed by InSite's products, with the intent to injure InSite.

12. On information and belief, the aforesaid actions offend established public policy and are immoral, unethical, oppressive, unscrupulous and substantially injurious to consumers and InSite, alike. These acts constitute unfair competition by ShieldMark against InSite.

13. InSite has been substantially damaged, in amount to be proven, by ShieldMark's illegal and/or improper activities.

### Third Counterclaim – Fraud and/or Inequitable Conduct

14. InSite repeats the allegations set forth in paragraph 1-13 immediately above as if fully rewritten.

15. The patent laws impose upon all those "associated with the filing and prosecution of a patent application . . . a duty of candor and good faith in dealing with the [Patent] Office . . . 37 C.F.R. § 1.56(a). This duty includes the "duty to disclose to the [Patent] Office all information known to the individual to be material to patentability as defined in this section." 37 C.F.R. § 1.56(a).

5

16. By acts of commission and/or omission by the applicant, his assignee (ShieldMark) and/or their attorneys, the duty of candor and good faith was breached during the prosecution of the application that lead to the issuance of the '480 Patent.

17. The acts of commission and/or omission were made with the intent to deceive the Patent Office with regards to matters material to patentability, and the Patent Office relied upon said acts of commission and/or omission and issued the '480 Patent as a consequence thereof, the specifics of which will be set forth in detail in accordance with the Local Patent Rules 3.5 and 3.6 as scheduled by the Court.

18. As a consequence of the inequitable conduct practiced as aforesaid during the prosecution of the application that led to the '480 Patent, the patent is unenforceable, and this is an exceptional case entitling InSite to its attorney's fees and costs herein.

WHEREFORE, InSite prays that a judgment be entered:

A. Dismissing the Complaint herein with prejudice and entering judgment in favor of InSite thereon.

B. Declaring that InSite has not and does not infringe, contribute to the infringement or induce the infringement of any claim of the '480 Patent.

C. Declaring the '480 Patent and each and every asserted claim thereof to be invalid.

D. Declaring the '480 Patent and each and every claim thereof to be unenforceable.

E. Permanently enjoining and restraining ShieldMark, its officers, employees, agents and all persons in active concert or participation with ShieldMark from asserting that InSite's business activities constitute an infringement of the '480 Patent and from any and all acts giving rise to InSite's counterclaims.

F. Declaring this and exceptional case under 35 U.S.C. § 285 and awarding InSite its attorney's fees and further otherwise, on its non-patent claims, awarding InSite exemplary damages, and attorney's fees.

G. Awarding InSite its costs herein.

H. Awarding InSite such other and further relief as is just and proper.

## JURY DEMAND

InSite demands a jury as to all issues triable to a jury as a matter of law.

Respectfully submitted,

s:/Ray L. Weber
Ray L. Weber            (0006497)
Laura J. Gentilcore    (0034702)
Mark L. Weber          (0072078)
Renner, Kenner, Greive, Bobak, Taylor & Weber
400 First National Tower
Akron, Ohio 44308
Telephone:  (330) 376-1242
Email: rlweber@rennerkenner.com

Attorneys for Defendants

7

## CERTIFICATE OF SERVICE

I hereby certify that on May 25, 2012 the foregoing **ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS IN RESPONSE TO AMENDED COMPLAINT** was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

<u>s/Ray L. Weber</u>