IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO (CLEVELAND)

| | |
|---|---|
| ShieldMark, Inc. ) | |
| ) | Case No.: 1:12-CV-00223-DCN |
| Plaintiff, ) | |
| ) | Judge Donald C. Nugent |
| v. ) | |
| ) | |
| InSite Solutions, LLC. ) | |
| ) | |
| Defendant. ) | |

**BRIEF IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT**

Ray L. Weber        (0006497)
Laura J. Gentilcore    (0034702)
Mark L. Weber        (0072078)
Renner, Kenner, Greive, Bobak, Taylor & Weber
400 First National Tower
Akron, Ohio 44308
Telephone: (330) 376-1242
Email: rlweber@rennerkenner.com

Attorneys for Defendant

Date: March 20, 2013

TABLE OF CONTENTS

TABLE OF CONTENTS ... i

TABLE OF AUTHORITIES ... ii

    I.    Summary Judgment in Patent Cases ... 1

    II.    There is no Literal Infringement ... 2

    III.    Doctrine of Equivalents Unavailable ... 4

    IV.    There are no Provisional Patent Rights Under the Application ... 5

    CONCLUSION ... 7

CERTIFICATE OF SERVICE ... 8

TABLE OF AUTHORITIES

**CASES**

*DeMarini Sports, Inc. v. Worth, Inc.*,
239 F.3d 1314 (Fed. Cir. 2001) ........................................................................... 2, 4

*Desper Prods., Inc. v. QSound Labs, Inc.*,
157 F.3d 1324 (Fed. Cir. 1998 ............................................................................ 1

*Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*,
535 U.S. 722 (2002) ........................................................................................... 5

*PSN Illinois, LLC v. Ivoclar Vivadent, Inc.*,
525 F.3d 1159 (Fed. Cir. 2006) .......................................................................... 2

*Lucent Technologies, Inc. v. Gateway, Inc.*,
525 F.3d 1200 (Fed. Cir. 2008) .......................................................................... 1

*Riles v. Shell Exploration and Production Co.*,
298 F.3d 1302 (Fed. Cir. 2002) .......................................................................... 2

*Southwall Technologies, Inc. v. Cardinal IG Co.*,
54 F.3d 1570 (Fed. Cir. 1995) ............................................................................ 5

*Telemac Cellular Corp. v. Topp Telecom, Inc.*,
247 F.3d 1316 (Fed. Cir. 2001 ............................................................................ 1

*U.S. Philips Corp. v. Iwasaki Elec. Co. Ltd.*,
505 F.3d 1371 (Fed. Cir. 2007) .......................................................................... 1

**STATUTES**

35 U.S.C. §154(d)(1) ......................................................................................... 6, 7

35 U.S.C. §154(d)(1)(B) .................................................................................... 5

35 U.S.C. §154(d)(2) ......................................................................................... 6, 7

**RULES**

Fed. R. Civ. P. 56(a) .......................................................................................... 1

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO (CLEVELAND)

| | | |
|---|---|---|
| ShieldMark, Inc. | ) | |
| | ) | Case No.: 1:12-CV-00223-DCN |
| Plaintiff, | ) | |
| | ) | Judge Donald C. Nugent |
| v. | ) | |
| | ) | |
| InSite Solutions, LLC. | ) | |
| | ) | |
| Defendant. | ) | |

**BRIEF IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OF NON-INFRNGEMENT**

Now comes Defendant InSite Solutions, LLC and offers the following in support of its Motion for Summary Judgment filed herewith.

**I.      Summary Judgment in Patent Cases**

Summary judgment should be granted where, as here, there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see Telemac Cellular Corp. v. Topp Telecom, Inc.*, 247 F.3d 1316, 1327 (Fed. Cir. 2001). "Summary judgment is as appropriate in a patent case as it is in any other case." *Desper Prods., Inc. v. QSound Labs, Inc.*, 157 F.3d 1324, 1332 (Fed. Cir. 1998).  In particular, the defense of non-infringement is appropriately decided on summary judgment when no reasonable jury could find that every limitation recited in a properly construed claim is found in the accused device either literally or under the doctrine of equivalents. *U.S. Philips Corp. v. Iwasaki Elec. Co. Ltd.*, 505 F.3d 1371, 1374 (Fed. Cir. 2007); *see also Lucent Technologies, Inc. v. Gateway, Inc.*, 525 F.3d 1200 (Fed. Cir. 2008) (upholding summary judgment of non-infringement both literally and under the doctrine of equivalents).

1

**II.     There is no Literal Infringement**

Infringement can be found only when each and every element of a claim, or its equivalent, can be shown to be present in an accused product. *DeMarini Sports, Inc. v. Worth, Inc.*, 239 F.3d 1314, 1331 (Fed. Cir. 2001). This is known as the "all elements rule." *PSN Illinois, LLC v. Ivoclar Vivadent, Inc.*, 525 F.3d 1159, 1168 (Fed. Cir. 2006). When each and every element of a claim is found to be literally present in an accused product, the infringement is said to be literal. *DeMarini Sports, Inc.* 239 F.3d at 1331; *Riles v. Shell Exploration and Production Co.*, 298 F.3d 1302, 1308 (Fed. Cir. 2002). Here, as a consequence of the Court's construction of claim limitations of the two independent claims at issue in this case, there can be no literal infringement.[1]

Claim 2 of the '480 patent requires "a double sided adhesive layer." (See Doc. 1-1, Col. 4, l. 32) This Court has construed that limitation as requiring "a layer of non-adhesive material with adhesive on both sides." (Doc. 54, p. 14) But, the accused products of InSite do not contain "a layer of non-adhesive material with adhesive on both sides," but rather a single layer of adhesive with no non-adhesive constituent part. (See Lowe Declaration, attached as Ex. A, ¶¶ 4-6). Accordingly, the all elements rule is not satisfied for claim 2 and there can be no literal infringement of claim 2 or any claims dependent therefrom.

In like manner, claim 5 requires a polymer layer having a "substantially uniform thickness." The Court has construed the claim limitation of "a substantially uniform thickness" as requiring "a largely but not necessarily wholly, uniform distance between the upper surface

---

[1] There are only two independent claims asserted to be infringed (claims 2 and 5). The remaining asserted claims (claims 3, 4, 6, 7, 8, 10, 12 and 13) are dependent on either claims 2 or 5. If an independent claim is not infringed, none of those dependent on it are infringed either. (cite)

2

and the lower surface without significant deviations, protrusions or steps." But, the accused products of InSite have a polymer layer that does not demonstrate a uniform distance between the upper surface and the lower surface, but rather one that is characterized by significant deviations, protrusions, or steps. (See Lowe Declaration, Ex. A, ¶7) As shown in the cross sectional views of the accused products of InSite (attached Exhibits B, C, and D of tapes 2", 4" and 6" wide) , and as further attested in the Lowe Declaration, InSite's products incorporate an extensive central recess defined between steps extending along the lateral edges of the underside of the polymer layer (Lowe Declaration, Ex A, ¶8). Moreover, the polymer layer is characterized by tapered lateral edges that take the thickness of the polymer layer from a center thickness of 0.027" to an edge height of zero and does so through a transitional radius of 0.187" and a tapering angle of 22°. (Lowe Declaration, Ex. A, ¶9).

The recess, steps, radius and taper are both structurally and functionally significant. (Lowe Declaration , Ex A. ¶10). The recess defined between the steps is provided to maintain an adhesive for securing the product to a floor surface while precluding the adhesive from oozing out onto the floor beyond the product. (Lowe Declaration, Ex. A, ¶11). The recess and steps are 0.005" deep, which is a significant 18.5% of the 0.027" thickness of the polymer layer. (Lowe Declaration, Ex. A, ¶12). The non-uniform nature of the polymer layer is significant for at least the reasons that (a) the steps and recess provide a container for the adhesive so that the area beneath the tapered edges can lie flat against the floor, without a layer of adhesive lifting them from the floor where they might be engaged by pallets, or equipment such as forklifts, (b) the 22° taper blends directly into the floor, with no flat abutting edge, helping to eliminate pallet dragging or equipment damage, and (c) the radiused transition of 0.187" further accommodates skids, pallets and equipment with minimal risk of damage.

3

It defies credulity to even suggest that the polymer layer of the InSite product is characterized by "a largely, but not necessarily wholly, uniform distance between its upper surface and lower surface without significant deviations, protrusions or steps." Indeed, the accused product is the antithesis of this description. Independent claim 5 and those dependent therefrom do not satisfy the all elements rule.

### III. Doctrine of Equivalents Unavailable

The all elements rule requires the presence of each and every claim element or its equivalent in the accused product. *DeMarini Sports, Inc.,* 239 F.3d at 1322. As presented above, there is no literal infringement, because of the absence in each of the two independent claims of a claim element as literally construed. The issue now turns to whether the "equivalent" is found in the claim. But, ShieldMark is not entitled to any equivalents in the infringement analysis because the two claim elements in issue were added to the claims by way of amendment and were argued in support of patentability during the prosecution of the patent-in-suit. By way of example, attached as Exhibit E are the ten claims that were originally filed in the application that lead to the issuance of the '480 patent. Attached as Exhibit F are the claims as they issued in the patent. The application only included a single independent claim. That claim (claim 1 of Exhibit E) is far remote from independent claims 1, 2 and 5 of the '480 patent (Exhibit F), signaling that everything that is different from claim 1 as filed (Exhibit E) and claims 1, 2 and 5 of Exhibit F as issued constitute a bar to any equivalents of the added and argued material. As can be seen from the prosecution history, the limitation of "double sided adhesive layer" was added to the claims at Doc. 42-3, p. 39 by the submission of application claim 12 and argued as a basis for patentability at Doc. 42-3, pp. 50, 79, 80. The limitation of a "substantially uniform thickness" was added to application claim 1 at Doc. 42-3, p. 74 and argued at Doc. 42-3, pp. 77,

78. It is fundamental that the doctrine of equivalents cannot apply to those claim elements - - for an estoppel arises when an amendment is made to secure a patent and the amendment narrows the patent's scope. *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 535 U.S. 722, 740 (2002); See also, *Southwall Technologies, Inc. v. Cardinal IG Co.,* 54 F.3d 1570 (Fed. Cir. 1995), also espousing the doctrine of prosecution history estopple.

It is particularly noteworthy that during the prosecution of the application that led to issuance of the '480 patent, the patent examiner cited patent 5,839,977 to Maurer, and ShieldMark characterized Maurer as follows:

> Maurer discloses a stepped configuration where the thickness of the appliqué increases at each step by 0.020". (Doc. 42-3, p. 77).

Contrary to what ShieldMark would tell this Court, it then went on and told the patent examiner:

> Recalling that the claim recited a polymer having a substantially uniform thickness . . . it is now apparent that Maurer does not meet the limitation. Instead Maurer recites a tape including abruptly increasing thickness . . . (Doc. 42-3, p. 77).

Application of the doctrine of equivalents being barred as to the claim elements of "double sided adhesive layer" and "substantially uniform thickness," infringement requires the literal presence of those elements, which is clearly absent as presented above. Accordingly, there is simply no infringement, either literally or under the doctrine of equivalents.

**IV. There are no Provisional Patent Rights Under the Application**

ShieldMark contends that it is entitled to assert its patent against products of InSite that were existent before the patent issued because ShieldMark had advised InSite of the existence of the pending patent application. In this regard, ShieldMark relies upon 35 U.S.C. §154(d)(1)(B), which states in pertinent part:

> a patent shall include the right to obtain a reasonable royalty from any person who, during the period beginning on the date of publication of the application for

5

such patent . . . and ending on the date the patent is issued . . . had actual notice of the published application . . .

But, InSite ignores the next paragraph of this code section, 35 U.S.C. §154(d)(2), which states:

> **(2) Right based on substantially identical inventions**. – The right under paragraph (1) to obtain a reasonable royalty shall not be available under this subsection unless the invention as claimed in the patent is substantially identical to the invention as claimed in the published patent application. (Emphasis original).

The publication of the application that led to the issuance of the '480 patent is attached as Exhibit G. It can be seen that the published claims are those that are presented in Exhibit E. Those claims were amended at least four (4) times during the prosecution of the patent application,[2] finally resulting in the claims shown in Exhibit F. One cannot seriously suggest that the claims of the '480 patent (Doc. 1-1, Col. 4, 1. 20 *et seq*.) are **substantially identical** to the claims of the published patent application. Simply put, there are no pre-issue or provisional rights available to ShieldMark.

---

[2] See prosecution history of the '480 patent at Doc. 42-3, pp. 38, 39, 74, 75, 351 and 352.

## CONCLUSION

In light of the foregoing, it is clear that (1) there is no literal infringement of any of the asserted claims of the '480 patent by the accused product(s) of InSite, (2) ShieldMark is not entitled to the application of the doctrine of equivalents with regard to the two claim limitations addressed herein, the same being barred by the rule set forth in *Southwall* and *Festo*, and (3) there are no pre-issue or provisional rights available to ShieldMark under 35 U.S.C. §154(d)(1), the same being barred by the absence of substantial identity between the claims of the published patent application and the issued patent as required by 35 U.S.C. §154(d)(2).  This case should be dismissed.

<div style="margin-left:3em">

s:/Ray L. Weber  
Ray L. Weber         (0006497)  
Laura J. Gentilcore    (0034702)  
Mark L. Weber         (0072078)  
Renner, Kenner, Greive, Bobak, Taylor & Weber  
400 First National Tower  
Akron, Ohio 44308  
Telephone:  (330) 376-1242  
Email: rlweber@rennerkenner.com  

Attorneys for Defendant

</div>

## CERTIFICATE OF SERVICE

I hereby certify that on March 20, 2013 the foregoing **BRIEF IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT** was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Ray L. Weber