IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SHIELDMARK, INC., | ) | CASE NO. 1:12 CV 223 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| INSITE SOLUTIONS, LLC, | ) | |
| | ) | |
| Defendant. | ) | <u>MEMORANDUM OPINION</u> |
| | ) | <u>AND ORDER</u> |
| | ) | |
| | ) | |

      This matter is before the Court on Plaintiff's Motion to Strike Defendant's Designation and Expert Report of R. Eric Gaum. (ECF #81). Plaintiff has asked the Court to strike the designation and expert report of Defendant's expert, R. Eric. Gaum, pursuant to Fed. R. Civ. P. 7(b)(1) and Fed. R. Evid. 702. Defendant, Insite Solutions, LLC has filed an Opposition to the Motion, (ECF #84), which retracts the original expert report and replaces it with a revised version that is alleged to eliminate many of the issues raised by Plaintiff in its motion to strike. Plaintiff filed a Reply which maintains that the revised report is still objectionable and should be stricken. (ECF #87). Having reviewed all submissions by the parties, the Court finds that the

motion would be better addressed as a motion in limine when and if Mr. Gaum is called to offer actual testimony in this case.

Plaintiff objects to Mr. Gaum's revised report because they believe that Mr. Gaum is not a person skilled in the pertinent art, and that his opinions are, therefore, inadmissible. Further, they argue that the revised opinion still contains inadmissible legal opinions and conclusions. A review of the arguments and the relevant law in case reveal that Mr. Gaum's report contains some opinions that may overlap with the Court's role in interpreting or applying the law, but that it also contains opinions which may be appropriate subjects for a qualified expert opinion. The appropriateness of the opinions challenged by the Plaintiffs, and the qualifications of Mr. Gaum to assert specific opinions are issues that can be better addressed based on the facts and circumstances in existence when, and if, Mr. Gaum's testimony is offered as testimony in this case. Therefore, the Plaintiff's Motion to Exclude Mr. Gaum's testimony is denied at this time. The Court, however, reserves the right to re-visit the Plaintiff's objections if and when Mr. Gaum's report and opinions are actually offered as testimony in this case.

IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED:   August 27, 2013