**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| SHIELDMARK, INC., | ) | CASE NO. 1:12 CV 223 |
| | ) | 1:13 CV 572 |
| | ) | |
| Plaintiffs, | ) | JUDGE DONALD C. NUGENT |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| INSITE SOLUTIONS, LLC, | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on Defendant, InSite Solutions, LLC's Bill of Costs submitted pursuant to Fed. R. Civ. P. 54(d)(1) and 28 U.S.C. § 1920, *et. seq*., and supported by the affidavit of Ray L. Weber, as required by 28 U.S.C. § 1924. (ECF # 97)[1].

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." FED. R. CIV. P. 54(d)(1).  "This language creates a presumption in favor of awarding costs, but allows denial of costs at the discretion of the trial court." *Soberay Mach. & Equipment Co. v. MRF Ltd., Inc.*, 181 F.3d 759, 770 (6th Cir. 1999) (quoting *White & White, Inc. v.*

---

[1] While Plaintiffs submitted a Bill of Costs, rather than a motion to tax costs, the Court will review the bill of costs in the first instance rather than have the clerk of courts make an initial assessment.  See *BDT Products, Inc. v. Lexmark International, Inc*., 405 F.3d 415, 418-419 (6th Cir. 2005)(The "district court has inherent and statutory authority to act on motions related to costs prior to any action by the clerk.")

*American Hospital Supply Corp.*, 786 F.2d 728, 730 (6th Cir.1986)).

28 U.S.C. § 1920 sets forth the expenses that may be taxed as costs:

(1) Fees of the clerk and marshal;
(2) Fees of the court reporter for all or part of the stenographic transcript necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
(5) Docket fees under 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

The above-captioned, related cases were decided in favor of the Defendant, on Summary Judgment. (ECF #93 in 1:12 CV 223; ECF #24 in 1:13 CV 572). Defendant now seeks $5,816.66 in fees for printed or electronically recorded transcripts necessarily obtained for use in this case; $246.02 in fees for witness fees; $775.79 in fees for exemplification and the costs of making copies of materials where the copies were necessarily obtained for use in the case; and, $1519.82 for other itemized costs relating to travel and subsistence for deposition witnesses. The total of all costs sought equals $8,358.29.

Mr. Weber's affidavit indicates that the parties disagree as to how the travel and subsistence costs associated with the deposition of ShieldMark's technical expert, Dr. Jerry M. Serra should be divided. Under section 1821(c)(1), witness travel expenses may be taxed for "means of transportation reasonably utilized." 28 U.S.C. §1821(c)(a). Dr. Serra's deposition was scheduled by agreement of the parties; his testimony was necessary

to InSite's successful Motion for Summary Judgment; and, Plaintiff has filed no opposition to the assessment of these costs.  Therefore, the Court finds these costs to be reasonable and necessary, and properly taxed to the Plaintiff in this case.

  Defendant, InSite's Solutions, LLC's Bill of Costs is approved without opposition. Costs in the amount of $8,358.29 are hereby taxed to the Plaintiff, ShieldMark, Inc.  The costs are to be included in the judgment previously issued on November 20, 2013 in Case Number 1:12 CV 223.  (ECF #93).    IT IS SO ORDERED.

                /s/ Donald C. Nugent
               Judge Donald C. Nugent
               UNITED STATES DISTRICT JUDGE

DATED:   March 25, 2014