**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| SHIELDMARK, INC., | ) | CASE NO. 1:12 CV 223 |
| | ) | 1:13 CV 572 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| v. | ) | |
| | ) | <u>MEMORANDUM OPINION</u> |
| INSITE SOLUTIONS, LLC, | ) | <u>AND ORDER</u> |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on Defendant, InSite Solutions, LLC's Motion for Partial Award of Attorney Fees Pursuant to 35 U.S.C. § 285. (ECF #96, in case number 1:12 CV 223). Plaintiff, ShieldMark, Inc. filed an opposition to this motion (ECF #99). Defendant filed a Reply brief in support its request, and Plaintiff filed a Sur-Reply. (ECF #101, 104). The matter is now fully briefed and ripe for the Court's consideration.

The Patent Statute authorizes this Court to award "reasonable attorney fees to the prevailing party" in "exceptional cases." 35 U.S.C. § 285. The determination of whether to award fees under the statute requires a two-step process: (1) the court must make a factual determination as to whether the case is "exceptional," and (2) the court must exercise its discretion to determine if an award of attorney fees is warranted. *See Evident Corp. v. Church & Dwight Co.*, 399 F.3d 1310, 1315 (Fed. Cir. 2005).

Under 35 U.S.C. § 285, a case may be found exceptional where there is "willful

infringement, inequitable conduct before the P.T.O., misconduct during litigation, vexatious or unjustified litigation . . . [or] frivolous suit." *Beckman Instruments, Inc. v. LKB Produkter AB*, 892 F.2d 1547, 1551 (Fed. Cir. 1989).  The designation of "exceptional" may also be appropriate when a suit originally brought in good faith is prolonged or extended after it becomes clear that it can no longer be pursued in good faith.  The party seeking attorneys fees under this section bears the burden of showing by clear and convincing evidence that the case is exceptional.  *Aspex Eyewear Inc. v. Clariti Eyewear, Inc.*, 605 F.3d 1305, 1314 (Fed. Cir. 2010)(citing *Forest Labs., Inc. v. Abbott Labs.*, 339 F.3d 1324, 1327 (Fed. Cir. 2003)).

 Defendant argues that it should be entitled to attorney fees from the date of the Court's Markman ruling going forward.  It is Defendant's position that ShieldMark could not have had a good faith belief that InSite's products infringed the relevant patents once the Court announced its claim construction for claims 2 and 5 of Patent No. 8,088,480.    There is no evidence, however, let alone clear and convincing evidence, that ShieldMark proceeded in bad faith following the Markman hearing.  Although ShieldMark's legal arguments were not persuasive, and its factual assertions were not, in the Court's opinion, supported by evidence sufficient to allow a jury to find in its favor, that does not mean that ShieldMark's position was objectively baseless, or that ShieldMark was operating in bad faith.

 ShieldMark accepted and recognized the Court' construction of "double sided adhesive layer" in Claim 2, and abandoned its claim of literal infringement on that claim.  However, it continued to pursue a claim based on the recognized and viable (if not ultimately persuasive) legal theory of the doctrine of equivalents.  Similarly, although the expert testimony offered in support of a finding of infringement on Claim 5 was not sufficient in the context of this case to

survive summary judgment, there is no evidence to suggest that either the expert who proffered the testimony, or the Plaintiff, itself, acted in bad faith in presenting that opinion.[1] The Court is therefore unable to find by clear and convincing evidence that this case is "exceptional" within the meaning of 35 U.S.C. § 285. Thus, Defendant's request for the imposition of partial attorney fees pursuant to 35 U.S.C. § 285 must be denied.

.

                                                         /s/ Donald C. Nugent
                                                         Judge Donald C. Nugent
                                                         UNITED STATES DISTRICT JUDGE

DATED:   March 25, 2014

---

[1] Further, it is unclear whether Plaintiff might have compromised its right to proceed to an appeal of the Markman findings if it had simply abandoned the case upon receiving a detrimental ruling at that stage of the litigation.